**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT



| | |
|---|---|
| JOSE ABEL HERNANDEZ NAJAR, AKA Ruben Serrano-Serrano, <br><br> Petitioner, <br><br> v. <br><br> JEFFERSON B. SESSIONS III, Attorney General, <br><br> Respondent. | No.    16-71065 <br><br> Agency No. A077-413-995 <br><br> MEMORANDUM * |

On Petition for Review of an
Immigration Judge's Decision

Submitted May 24, 2017**

Before:     THOMAS, Chief Judge, and SILVERMAN and RAWLINSON,
Circuit Judges.

Jose Abel Hernandez Najar, a native and citizen of Mexico, petitions for

review of the Department of Homeland Security's ("DHS") February 23, 2016,

order reinstating his March 2, 1999, expedited removal order, and for review of an

---

*       This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**       The panel unanimously concludes this case is suitable for decision
without oral argument.  See Fed. R. App. P. 34(a)(2).

immigration judge's ("IJ") April 6, 2016, determination under 8 C.F.R. § 1208.31(a) that he did not have a reasonable fear of persecution or torture and thus is not entitled to relief from his reinstated removal order. Our jurisdiction is governed by 8 U.S.C. § 1252. Our review of the DHS's reinstatement order is "limited to confirming the agency's compliance with the reinstatement regulations," *Garcia de Rincon v. DHS*, 539 F.3d 1133, 1137 (9th Cir. 2008), and we review for substantial evidence the IJ's factual findings, *Andrade-Garcia v. Lynch*, 828 F.3d 829, 833 (9th Cir. 2016). We dismiss in part and deny in part the petition for review.

As to the DHS's order of reinstatement, we lack jurisdiction to consider Hernandez Najar's contention that his identity is in dispute because he did not present it to the agency. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (petitioner must issues or claims in administrative proceedings below). Hernandez Najar concedes that we lack jurisdiction to consider his collateral attack on the underlying 1999 expedited removal order, *see Garcia de Rincon*, 539 F.3d at 1137, and we deny his request to reconsider our jurisdiction, *see United States v. Gay*, 967 F.2d 322, 327 (9th Cir. 1992) ("[O]ne three-judge panel of this court cannot reconsider or overrule the decision of a prior panel."). Thus, we dismiss the petition for review as to the DHS's order of reinstatement.

As to the IJ's reasonable fear determination, substantial evidence supports

2                                                                    16-71065

the IJ's determination that Hernandez Najar failed to demonstrate a reasonable fear of persecution on account of a protected ground. *See Zetino v. Holder*, 622 F.3d 1007, 1016 (9th Cir. 2010) ("An [applicant's] desire to be free from harassment by criminals motivated by theft or random violence by gang members bears no nexus to a protected ground."). Substantial evidence also supports the IJ's determination that Hernandez Najar failed to demonstrate a reasonable possibility of future torture by or with the acquiescence of the government of Mexico. *See Andrade–Garcia*, 828 F.3d at 836-37. Thus, Hernandez Najar's challenges to the IJ's negative reasonable fear determination fail.

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**